# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:17-CR-00145-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TIMOTHY PEPPERS, JR. (01)** | **MAG. JUDGE KAREN L. HAYES** |

# MEMORANDUM ORDER

Pending here is the Government's Motion (and Memorandum) to Correct an Error in the Record Arising from Oversight or Omission [Doc. No. 15].

On February 4, 2015, Defendant Timothy Peppers, Jr. ("Defendant") was indicted by a grand jury in the District of South Dakota for Failure to Pay Legal Child Support greater than $10,000.00, in violation of 18 U.S.C. § 228(a)(3). On July 27, 2015, Defendant pled guilty and was sentenced to five (5) years probation and ordered to pay restitution in the amount of $42,561.86.

On August 19, 2015, supervision of Defendant's probation was transferred to the Western District of Louisiana [Doc. No. 1]. During his supervision, the probation office petitioned the Court to modify the defendant's conditions of supervision on two occasions. On February 26, 2018, the probation office petitioned the Court to increase the defendant's monthly payments from $50.00 to $150.00 to begin on March 4, 2018 [Doc. No. 2]. Later, on October 10, 2018, the probation office petitioned the Court to return the monthly payments to $50.00 [Doc. No. 4].

On May 28, 2019, the probation office petitioned the court requesting a summons be issued to Defendant for violation of certain conditions of probation. The violations included special condition number six: "the defendant shall maintain monthly child support payments with

the appropriate state court." The petition stated Defendant had failed to maintain current payments in his child support cases in Ouachita Parish and Wisconsin [Doc. Nos. 7, 8].

On July 3, 2019, the hearing to revoke Defendant's probation was heard before the Court. Defendant stipulated to violating the conditions of his probation, including special condition number six. The Court found Defendant had violated his conditions of probation and sentenced him to six months in custody at the Bureau of Prisons. Such sentence is reflected in the Judgment filed on July 3, 2019 [Doc. No. 14].

As part Defendant's initial sentence, he was ordered to pay $42,561.86 in restitution. However, the July 3, 2019 Judgment for revocation of probation did not order restitution [Id.].

On February 20, 2020, the Government filed the pending motion requesting the Court correct the July 3, 2019 Judgment to reflect the restitution amount, pursuant to Rule 36 of the Federal Rules of Criminal Procedure [Doc. No. 15]. The Government contends that, although the Court found Defendant had violated his condition of probation by not paying the restitution, because of an oversight or omission the restitution was not included in the July 3, 2019 Judgment.

Here, Defendant originally had been given a sentence of probation, rather than a term of supervised release. The revocation of a sentence of probation is governed by 18 U.S.C. § 3565, which provides that, upon the Court revoking a sentence of probation, the Court then *resentences* the defendant under subchapter A, *i.e.*, 18 U.S.C. § 3551, *et seq*. An order of restitution is provided for in 18 U.S.C. § 3556. Therefore, the July 3, 2019 Judgment imposed a *new* sentence on Defendant.

Rule 36 sets out that, "after giving any notice it considers appropriate, the court may at

any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The rule applies, however, only to clerical errors and not substantive matters. *United States v. Mackay*, 757 F.3d 195, 197–200 (5th Cir. 2014).

The Fifth Circuit in *United States v. Crawley*, 463 Fed. App'x. 418 (5th Cir. 2012), ruled that amending a sentencing judgment by substituting a restitution payee qualifies as the correction of a clerical error, in part *because it did not increase the restitution amount initially imposed at sentencing.* The Fifth Circuit explained:

> While there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment. *See, e.g., United States v. Spencer,* 513 F.3d 490, 491 (5th Cir. 2008) ("[C]ourts have deemed Rule 36 the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments."); *United States v. Steen,* 55 F.3d 1022, 1026 n. 3 (5th Cir.1995) (collecting cases).
>
> The amended judgments corrected only clerical errors. *See Spencer,* 513 F.3d at 492; *United States v. Portillo,* 363 F.3d 1161, 1165 (11th Cir.2004) ("The Rule 36 order did not fundamentally alter Portillo's sentence, because it did not increase the restitution amount initially imposed at sentencing. The order merely changed the payees from the [uninjured party] to the six [victims] who were directly injured by Portillo's crime."). Similarly, the corrected judgments here did not increase the amount of restitution Crawley owes as a result of her role in the conspiracy. Because Crawley's sentence remained unchanged, her substantive rights were not affected. *Cf. Portillo,* 363 F.3d at 1165 (Rule 36 corrections "did not make Portillo's sentence more onerous").

463 Fed. App'x at 421-422.

Conversely, here, the Government seeks to amend the July 3, 2019 Judgment, which

constituted a *new* sentencing judgment, to *add* restitution, which does affect the Defendant's substantive rights. Thus, Rule 36 does not provide authority for the Government's requested amendment. Accordingly,

**IT IS ORDERED** that the Government's Motion to Correct an Error in the Record Arising from Oversight or Omission [Doc. No. 15] is **DENIED**.

Monroe, Louisiana, this 4th day of March, 2020.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**